UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASTERSON PERSONNEL OF MICHIGAN,
INC., a Michigan corporation,

        Plaintiff,

        Hon. Patrick J. Duggan

vs.

        Case No. 2:11-cv-11815-PJD-RSW

MICHIGAN MARKETING SERVICES, LLC,
an Ohio limited liability company,

        Defendant.

---

Fred S. Steingold (P20961)
Michael Schroer (P20072)
**Hamilton, Judge, Schroer & Steingold PLC**
300 North Fifth Avenue, Suite 220
Ann Arbor, Michigan  48104
734.769.7500 (Telephone)
734.769.0766 (Facsimile)

*Attorneys for Masterson Personnel of Michigan, Inc.*

John R. Trentacosta (P31856)
Vanessa L. Miller (P67794)
**Foley & Lardner LLP**
500 Woodward Avenue, Suite 2700
Detroit, Michigan  48226
313.234.7100 (Telephone)
313.234.2800 (Facsimile)

Geoffrey E. Webster (OH Bar No. 0001892)
**Chester Wilcox & Saxbe, LLP**
65 East State Street, Suite 1000
Columbus, Ohio  43215
614.221.4000 (Telephone)
614.221.4012 (Facsimile)

*Attorneys for Michigan Marketing Services, LLC*

---

## STIPULATED PROTECTIVE ORDER

        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, applicable E.D. Local Rules, the Court's authority, and the stipulation of the parties,

**IT IS HEREBY ORDERED** that a party or a non-party (the "producing party") may designate information, documents, or things as "Confidential" or "Confidential – Attorneys' Eyes Only" under the following terms and conditions:

1.      Any document, information, or thing may be designated "Confidential" if it is in good faith determined by the producing party to contain confidential or proprietary information, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2.      If in good faith the producing party determines that the document, information, or thing contains confidential commercial information of such a sensitive nature that its dissemination cannot adequately be covered by the protections afforded by the "Confidential" designation, a party may designate the document, information, or thing as "Confidential – Attorneys' Eyes Only."

3.      A producing party may designate any document or other tangible information or thing as "Confidential" or "Confidential – Attorneys' Eyes Only" by stamping or appending at some conspicuous place thereof with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  For example, in the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page.  In the case of other tangible items, a producing party may so mark any appropriate location.  In the case of an electronic document, a producing party may append to that document a similar notation that does not alter the metadata associated with the document, or may place the mark "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the outside of the medium (whether

2

disc, hard drive, etc.) containing the document.

4.     A non-producing party may also designate any document, information, or thing produced during the course of this proceeding, not already designated "Confidential" or "Confidential – Attorneys' Eyes Only," as "Confidential" or "Confidential – Attorneys' Eyes Only" as if it were a producing party.   The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

5.     A producing party may designate documents, information, or things disclosed at a deposition of a producing party or one of its present or former officers, directors, employees, agents, or independent experts retained for purposes of this proceeding as "Confidential" or "Confidential – Attorneys' Eyes Only" on the record during the deposition or by notifying all parties in writing of the specific item so designated, within ten business days of receiving a copy of the deposition transcript, of the specific exhibits or lines and pages of the transcript that are "Confidential" or "Confidential – Attorneys' Eyes Only."

a.     If a producing party designates such materials as "Confidential" or "Confidential – Attorneys' Eyes Only" on the record, the court reporter shall indicate on the cover page of the transcript that the transcript includes "Confidential" (or, "Confidential – Attorneys' Eyes Only") information, shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing "Confidential," "Confidential – Attorneys' Eyes Only," and non-Confidential material.   Further, during the period in which such "Confidential" or "Confidential – Attorneys' Eyes Only" information is discussed during the deposition, any person present during the deposition who is not authorized to

3

receive such information pursuant to paragraphs 8 or 9 below shall be excluded from that portion of the deposition.

b.      A deposition transcript and the exhibits thereto shall be presumed in their entirety as containing "Confidential" and "Confidential – Attorneys' Eyes Only" material.  If, after the deposition is taken, the producing party designates any portion of the deposition transcript or exhibits as "Confidential" or "Confidential – Attorneys' Eyes Only" by giving written notice as described above, all persons receiving notice of such designation shall affix the same to the face of their copy or copies of the transcript.

c.      A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" in the same manner as a producing party.

6.      Should any party object to a designation of any information, documents, or things as "Confidential" or "Confidential – Attorneys' Eyes Only," the parties and/or the producing party shall, on an expedited basis meet and confer in a good faith attempt to reach an agreement regarding the status of the information, documents, or things.  If the objection is not thereby resolved, the party claiming the "Confidential" or "Confidential – Attorneys' Eyes Only" status of the information, documents, or things shall bring the dispute before the Court on a non-ex-parte expedited basis for a determination and have the burden of proving good cause for the entry of an order maintaining the designation of the information, documents, or testimony under the terms of this Stipulated Protective Order.  Until the Court makes such determination, or, in the event of an immediate interlocutory appeal, upon termination of such appeal, all material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be treated as such.

DETR_1680124.1

7.      All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding.

8.      All documents, information, or things designated as "Confidential" shall be made available only to the Court, Court Personnel, Case Evaluators and to counsel for the Parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with the Case) and the following persons:

      a.      The parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

      b.      experts or consultants (together with their clerical staff) retained by the respective Parties to assist in the Case;

      c.      court reporter(s) employed in the Case;

      d.      a witness at any deposition or other proceeding in the Case; and

      e.      any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court.

9.      All documents, information, or things designated as "Confidential – Attorneys' Eyes Only" shall be made available only to the Court and the following persons:

      a.      outside counsel of record in this action, (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with the Case);

      b.      in-house counsel with primary responsibility for this proceeding and his or her immediate supervisor, both of whom must be identified in writing by outside counsel of record;

      c.      experts or consultants retained by counsel to assist in the Case; and

d.      any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court.

10.     Materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be made available to persons other than those authorized in paragraphs 8 and 9 above, respectively, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, or affidavits. The "Confidential" and "Confidential – Attorneys' Eyes Only" information must be removed before the remaining materials may be made available to those other persons.

11.     Information, documents, or things shall not be disclosed to a party representative (other than outside counsel) pursuant to paragraph 8 or 9 or a testifying or non-testifying expert or consultant pursuant to paragraphs 8 or 9 unless and until such representative, expert, or consultant has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as Exhibit A.

12.     To the extent that any pleadings, motions, briefs, declarations, exhibits, or other papers to be filed with the Court incorporate documents, information, or things subject to this Order, the party filing such papers shall designate such materials or portions thereof as "Confidential" or "Confidential – Attorneys' Eyes Only" and shall file the same with the Clerk in sealed envelopes with the appropriate motion pursuant to E.D. Local Rule 5.3.  Such sealed envelopes shall bear the caption of the case and shall recite a concise, non-disclosing inventory of their contents for docketing purposes.  Additionally, in the case of materials or information designated "Confidential" or "Confidential – Attorneys' Eyes Only," such sealed envelopes shall prominently bear the legend:

6

**CONTAINS CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER.  TO BE OPENED**

**ONLY BY OR AS DIRECTED BY THE COURT.**

As set forth in E.D. Local Rule 5.3(c)(2), only the germane portion of a filing may be sealed.

To the extent that case evaluation summaries and their attached exhibits incorporate documents or information subject to this Order, the party filing such papers shall designate such materials or portions thereof as "Confidential" or "Confidential – Attorneys' Eyes Only."  At the completion of case evaluation, Case Evaluators shall be instructed to return all such designated case evaluation summaries and their attached exhibits to the filing party.

13.    Provided that no "Confidential" or "Confidential – Attorneys' Eyes Only" information is disclosed, the parties may generally refer to documents designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

14.    Nothing in this Order shall preclude any party to the proceeding or their attorneys from:

a.    Showing materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

b.    Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential" or "Confidential – Attorneys' Eyes Only".

c.    Disclosing or using, in any manner or for any purpose, any

7

information, document, or thing at the trial of this matter.  However, if a party intends to use or offer into evidence at such trial any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only," that party shall, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps reasonably necessary to preserve the confidentiality of such information or documents.

        d.     Redacting information from documents produced in accordance with the discovery process, including because such information is irrelevant to this action and would provide the opposing party with a business advantage over the producing party if it is produced.  Nothing in this sub-section limits the opposing party from challenging such redactions before this Court.

15.    If either party is served with a subpoena or similar process, from any entity whatsoever, directing that party to produce any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" not so designated by that party, counsel for that party shall immediately give counsel for the designating party written notice of the fact of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

16.    Within sixty days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be returned to the producing party or destroyed.  However, counsel for the parties may retain one complete set of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action.  Counsel for the receiving party shall provide written verification to the producing party that all copies of such materials

8

produced to the receiving party have been returned or destroyed, other than as indicated in this paragraph.  Materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that are in the custody of the Court are excepted from the terms of this paragraph.

17.     If information subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information should not be made to a party is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled.

18.     The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on use of materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial).

19.     By consenting to this Order, the parties shall not be deemed to have waived any objection they may have to the admissibility of any document.

20.     Nothing in this Order shall be construed or shall operate as an admission or agreement as to whether any particular information is entitled to be treated as Confidential Information or as Attorneys' Eyes Only Information, or is otherwise subject to discovery, or is admissible in evidence.  Nothing in this Order shall prevent any party from seeking modification of this Order.

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: June 10, 2011
I hereby certify that a copy of the foregoing document was served upon counsel of record on Friday, June 10, 2011, by electronic and or ordinary mail.

9

s/Marilyn Orem
Case Manager

**Approved as to form and content:**

*Attorneys for Plaintiff Masterson Personnel of Michigan, Inc.*:

*Attorneys for Defendant Michigan Marketing Services, LLC*:

By: /s/ Fred S. Steingold (w/consent)
    Fred S. Steingold (P20961)
    fsteingold@att.net
    Michael Schroer (P20072)
    mschroer@a2mich.com
    **Hamilton, Judge, Schroer & Steingold PLC**
    300 North Fifth Avenue, Suite 220
    Ann Arbor, Michigan  48104
    734.769.7500 (Telephone)
    734.769.0766 (Facsimile)

By: /s/ Vanessa L. Miller
    John R. Trentacosta (P31856)
    jtrentacosta@foley.com
    Vanessa L. Miller (P67794)
    vmiller@foley.ocm
    **Foley & Lardner LLP**
    500 Woodward Avenue, Suite 2700
    Detroit, Michigan  48226
    313.234.7100 (Telephone)
    313.234.2800 (Facsimile)

    Geoffrey E. Webster (OH Bar No. 0001892)
    gewebster@cwslaw.com
    **Chester Wilcox & Saxbe, LLP**
    65 East State Street, Suite 1000
    Columbus, Ohio  43215

Dated: June 10, 2011
    614.221.4000 (Telephone)
    614.221.4012 (Facsimile)

10

## EXHIBIT A

### CONFIDENTIALITY AGREEMENT

STATE OF _____          )
                                    ) ss.
COUNTY OF _____            )


I, _____, being first duly sworn, state that:

1. My address is:

   _____

   _____

2. My present employer is _____ and the address of my employer is

   _____

   _____

3. My present occupation is

   _____

4. I have received a copy of the Stipulated Protective Order in the case of *Masterson Personnel of Michigan, Inc. v. Michigan Marketing Services, LLC,* Case No. Case No. 2:11-cv-11815-PJD-RSW in the U.S. District Court for the Eastern District of Michigan.

5. I understand that I can be held in contempt of court for violating the terms of the Stipulated Protective Order and I submit to the jurisdiction of the U.S. District Court for the Eastern District of Michigan for purposes of enforcement of the Stipulated Protective Order.

6. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.


                              _____


Subscribed and sworn to me before this ___ day of _____ 2011.


_____
Notary Public
My commission expires: _____

DETR_1680124.1